IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD WHITE,

          Plaintiff,                No. CIV S-04-0559 KJM

     vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

          Defendant.         ORDER

_____/

         Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively.  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

1   I.  Factual and Procedural Background

2          In a decision dated November 27, 2002, the ALJ determined plaintiff was not

3   disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals

4   Council denied plaintiff's request for review.  The ALJ found plaintiff has a severe impairment

5   due to a history of hepatitis C but this impairment is not medically equal to a listed impairment;

6   plaintiff is not credible; plaintiff retains the residual functional capacity to perform a full range of

7   light work; plaintiff cannot perform his past relevant work; based on the testimony of a

8   vocational expert, plaintiff can make a successful vocational adjustment to work that exists in

9   significant numbers in the national economy; and plaintiff is not disabled.  Administrative

10  _____

11         [1] Disability Insurance Benefits are paid to disabled persons who have contributed to the
    Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid
12  to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Under both provisions, disability
    is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a
13  medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) &
    1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R.
14  §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The
    following summarizes the sequential evaluation:

15
              Step one:  Is the claimant engaging in substantial gainful
16        activity?  If so, the claimant is found not disabled.  If not, proceed
          to step two.
17                 Step two:  Does the claimant have a "severe" impairment?
          If so, proceed to step three.  If not, then a finding of not disabled is
18        appropriate.
                   Step three:  Does the claimant's impairment or combination
19        of impairments meet or equal an impairment listed in 20 C.F.R., Pt.
          404, Subpt. P, App.1?  If so, the claimant is automatically
20        determined disabled.  If not, proceed to step four.
                   Step four:  Is the claimant capable of performing his past
21        work?  If so, the claimant is not disabled.  If not, proceed to step
          five.
22                 Step five:  Does the claimant have the residual functional
          capacity to perform any other work?  If so, the claimant is not
23        disabled.  If not, the claimant is disabled.  _____

24  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

25         The claimant bears the burden of proof in the first four steps of the sequential evaluation
    process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential
26  evaluation process proceeds to step five.  Id.

                                        2

1   Transcript ("AT") 19-20.  Plaintiff contends the ALJ did not properly account for plaintiff's

2   fatigue in determining plaintiff's residual functional capacity.

3   II.  Standard of Review

4           The court reviews the Commissioner's decision to determine whether (1) it is

5   based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

6   record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

7   Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

8   Substantial evidence means more than a mere scintilla of evidence, but less than a

9   preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

10  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

11  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

12  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

13  197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

14  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

15  detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

16  1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

17  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

18  substantial evidence supports the administrative findings, or if there is conflicting evidence

19  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

20  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

21  improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

22  1335, 1338 (9th Cir. 1988).

23  /////

24  /////

25  /////

26  /////

3

1    III.  Analysis

2            Plaintiff asserts the ALJ ignored plaintiff's complaints of fatigue in determining

3    plaintiff could perform a full range of light exertional work.  Specifically, plaintiff contends the

4    ALJ disregarded the report of a consultative examiner.[2]  Residual functional capacity is what a

5    person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a)

6    (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional

7    capacity reflects current "physical and mental capabilities").

8            Contrary to plaintiff's contention, the ALJ expressly acknowledged the findings of

9    consultative examiner, Dr. Sharma, who opined in a report dated May 30, 2001 that due to

10   plaintiff's complaints of increased fatigue, plaintiff  "may have problems with sustaining activity

11   beyond two hours at a time without a break." AT 16-17, 139.  The vocational expert testified

12   that the jobs cited as available to plaintiff based on plaintiff's vocational factors and a residual

13   functional capacity for light work would still be available to plaintiff if breaks were needed every

14   two hours. AT 59-60.  The ALJ did not totally discount plaintiff's complaints of fatigue.  The

15   ALJ properly noted that plaintiff's self-reported activities of daily living and the objective

16   evidence in the medical record were consistent with the ability to work in a job which allowed

17   for regular breaks.  AT 16, 17-18, 106, 107, 115, 116.  There was no error in the ALJ's

18   assessment of plaintiff's fatigue.

19   /////

20   /////

21   /////

22   /////

23

24          [2]  Plaintiff cites Social Security Ruling 99-2p in support of the contention plaintiff's
     fatigue was improperly evaluated.  Plaintiff does not explain how SSR 99-2p, which pertains to
25   evaluation of chronic fatigue syndrome, should be used in evaluating this case, except to say that
     it "provides a basis for assessing plaintiff's limitations." Pl.'s Mem. P. & A. at 7.  The court has
26   reviewed the cited ruling and finds no error in the ALJ's analysis predicated on SSR 99-2p.

1     The ALJ's decision is fully supported by substantial evidence in the record and

2  based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

3          1.  Plaintiff's motion for summary judgment or remand is denied, and

4          2.  The Commissioner's cross-motion for summary judgment is granted.

5  DATED:  September 29, 2005.

6

7  _____
   UNITED STATES MAGISTRATE JUDGE

8

9

10

11  006/white.ss

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26